UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:08-CV-00445-R

**GARY W. HINES**                                                                                          **PLAINTIFF**

v.

**HARTFORD LIFE AND ACCIDENT**
**INSURANCE COMPANY**                                                                          **DEFENDANT**

### MEMORANDUM OPINION

This matter comes before the Court on cross-motions for a judgment on the administrative record (DN 18, 19). Both parties have responded (DN 20, 21). This matter is now ripe for adjudication. For the reasons that follow, Defendant's Motion is GRANTED and Plaintiff's Motion is DENIED.

### BACKGROUND

This is an action seeking relief under the Employment Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001, *et seq*. Plaintiff Gary W. Hines seeks payment of long-term disability benefits under the Long Term Disability Plan for employees of Republic Diesel, Inc. ("Republic"), Policy No. 83169537 ("Policy"), administered by Defendant Hartford Life and Accidence Insurance Company ("Hartford").

Plaintiff was injured in a work-related car accident on August 26, 2005. Dr. Mark Smith began treating Hines about a year later. (R. at HINES 127, 319.) On February 26, 2007, Dr. Smith stated that Hines should be restricted to "sit-down duty primarily with the option to sit, stand as needed." (R. at HINES 328.) He directed that Hines should not squat, kneel or lift more than ten pounds. (R. at HINES 328.) On August 10, 2007, in Hines' application for long term disability income benefits, Dr. Smith stated that Hines should not stand for more than ten

minutes, walk for more than approximately 1/4 mile, sit for more than twenty to thirty minutes, or lift, carry, push or pull more than twenty pounds.  (R. at HINES 128.)  On September 10, 2007, the workers' compensation insurance carrier for Republic hired Dr. Gregory Gleis to perform an Independent Medical Exam ("IME") of Hines.  (R. at HINES 271-98.)  Dr. Gleis examined Hines and reviewed his medical history.  His estimated restrictions for Hines included lifting no more than forty pounds, limited squatting and kneeling, standing no more than thirty to sixty minutes, walking no more than one-half mile, and being able to stand occasionally when sitting for an unlimited period of time.

On November 5, 2007, Hartford approved Hines' August 10, 2007, claim for Long Term Disability ("LTD") benefits.  (R. at HINES 100-102.)  The letter sent by Hartford explained that benefit payments would continue, subject to the terms of the policy, while Hines met the policy definition of Total Disability.  The letter included the following definition of disability:

> Disability means that during the Elimination Period and the following 24 months, Injury or Sickness causes physical or mental impairment to such a degree of severity that you are:
> 1. continuously unable to perform the Material and Substantial Duties of your Regular Occupation; and
> 2. not Gainfully Employed.
>
> After the Monthly Benefit has been payable for 24 months "Disability" means that Injury or Sickness causes physical or mental impairment to such a degree of severity that You are:
> 1. continuously unable to engage in any occupation for which You are or become qualified by education, training, or experience; and
> 2. not Gainfully Employed.

Hines then received a second letter eleven days later on November 16, 2007, which stated that Hartford "determined that you do not meet the policy definition of disability on and beyond 11/1/2007."  (R. at HINES 93.)  After discussing items related to Hines' medical and work

history, Hartford stated that it "determined that you are not continuously unable to engage in any occupation for which You are or become qualified by education, training or experience, as required by the policy definition of Disability that became applicable on 10/26/2007." (R. at HINES 95.)

On March 31, 2008, Hines appealed this decision. (R. at HINES 188.) Hines submitted additional medical records for Hartford to review. (R. at HINES 85.) As a result of the appeal and receipt of additional information, Hartford retained Dr. Clarence Fossier to conduct a peer review of Hines' medical records. (R. at HINES 120-22.) Based upon his review of Hines' records, Dr. Fossier found that Hines should be limited in the amount of his walking, should not be expected to climb unprotected heights or balance, should only occasionally bend or squat, and should not kneel or crawl. (R. at HINES 121.) Dr. Fossier also concluded that Hines could sit for six hours, could stand/walk for up to one hour intermittently and could lift up to forty pounds occasionally. (R. at HINES 121.) Dr. Fossier reviewed all of Hines' medical records submitted to Hartford, but did not speak with Dr. Smith because Dr. Smith was busy and referred him to Dr. Gleis. (R. at HINES 122.)

Subsequently, on June 20, 2008, Hartford denied Hines' appeal for LTD benefits, finding that Hines is capable of performing an occupation within his education, training, or experience. (R. at HINES 85-87.)

## STANDARD

To begin with, the Court recognizes that "in an ERISA claim contesting a denial of benefits, the district court is strictly limited to a consideration of the information actually considered by the administrator." *Killian v. Healthsource Provident Adm'rs, Inc.*, 152 F.3d 514,

522. This administrative record includes all documentation submitted during the administrative appeals process. *Kalish v. Liberty Mut.*, 419 F.3d 501, 511 (6th Cir. 2005).[1]

Generally, courts "review a plan administrator's denial of ERISA benefits *de novo*." *Moon v. Unum Provident Corp.*, 405 F.3d 373, 378 (6th Cir. 2005) (citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)). However, when "a plan vests the administrator with complete discretion in making eligibility determinations, such determinations will stand unless they are arbitrary or capricious." *Id.*[2]

"The arbitrary and capricious standard is the least demanding form of judicial review and is met when it is possible to 'offer a reasoned explanation, based on the evidence, for a particular outcome.'" *Admin. Comm. of the Sea Ray Employees' Stock Ownership & Profit Sharing Plan v. Robinson*, 164 F.3d 981, 989 (6th Cir. 1999) (citation omitted). "Consequently, a decision will be upheld 'if it is the result of a deliberate principled reasoning process, and if it is supported by substantial evidence.'" *Evans v. UnumProvident Corp.*, 434 F.3d 866, 876 (6th Cir. 2006) (citations omitted).

Still, while the arbitrary and capricious standard is deferential it is not "'without some teeth.'" *McDonald v. W.-S. Life Ins. Co.*, 347 F.3d 161, 172 (6th Cir. 2003) (citation omitted). A court's obligation to review the administrative record "inherently includes some review of the quality and quantity of the medical evidence and the opinions on both sides of the issues." *Id.* As the Sixth Circuit has noted, without such a review "courts would be rendered to nothing more

---

[1] The administrative record in this matter was filed as Docket No. 17, and is stamped HINES 1 through HINES 504.

[2] The plan at issue here provides Hartford with discretionary authority to determine Hines' eligibility for benefits. (R. at HINES 425.)

4

than rubber stamps for any plan administrator's decision as long as the plan was able to find a single piece of evidence– no matter how obscure or untrustworthy– to support a denial of a claim for ERISA benefits." *Id.*

## DISCUSSION

Hines argues that Hartford's denial of benefits was arbitrary and capricious because (1) the original decision approving the LTD application was changed on a whim by Hartford, (2) Hartford based its decision on the restrictions rendered by Dr. Gleis and ignored the restrictions of Dr. Smith, (3) Dr. Fossier's report adopted the restrictions of Dr. Gleis and ignored Dr. Smith's restrictions, (4) Hartford controverted the plain meaning of the LTD plan by erroneously concluding Hines could perform sedentary work and had previously acquired transferable skills, and (5) Hartford failed to consider the effects of Hines' pain and medications.

First, the Court finds that the original decision approving the LTD was not changed on a whim by Hartford.  Instead, as the letters to Hines explained, the definition of "disability" changes after the monthly benefit has been payable for 24 months– in Hines' case, October 27, 2007.  Hartford determined that Hines was disabled from his "own occupation" but not from "any occupation" as those terms are defined in the Policy.  The November 16 letter explained this change.  (R. at HINES 95.)  The reason that the letters arrived so close in time to each other is that Hines did not submit a claim for LTD benefits until August 10, 2007, nearly two years after his accident.  While this may have confused Hines, that does not mean Hartford's decision was arbitrary or capricious.

Second, the Court finds that Hartford did not ignore the opinion of Dr. Smith.  Rather, the Record indicates that Hartford relied upon and considered all of the medical evidence presented

5

by Hines. (R. at HINES 85, 94.) According to Hartford, Hines is limited to sedentary work, which it defines as follows:

> [E]xerting up to 10 pounds of force occasionally and/or a negligible amount of force frequently or constantly to lift, carry, push, pull or otherwise move objects, including the human body. Sedentary work involves sitting most of the time, but may involve walking or standing for brief periods of time. Jobs are sedentary if walking and standing are required only occasionally and other sedentary criteria are met.

(R. at HINES 86.) On February 26, 2007, Dr. Smith stated that Hines should be restricted to "sit-down duty primarily with the option to sit, stand as needed." (R. at HINES 328.) He directed that Hines should not squat, kneel or lift more than ten pounds. (R. at HINES 328.) On August 10, 2007, in Hines' application for long term disability income benefits, Dr. Smith stated that Hines should not stand for more than ten minutes, walk for more than approximately 1/4 mile, sit for more than twenty to thirty minutes, or lift, carry, push or pull more than twenty pounds. (R. at HINES 128.) Hartford was not required to accord special deference to the opinion of Dr. Smith. *See Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 831 (2003). Still, Dr. Smith's opinion is not drastically different than that of Dr. Gleis or Dr. Fossier.

Third, for similar reasons, the Court finds that Dr. Fossier did not ignore Dr. Smith's opinion. Though Dr. Fossier was not able to reach Dr. Smith on the phone, he did review all of Hines' medical records, including those from Dr. Smith. (R. at HINES 120.)

Fourth, the Court finds that it cannot consider Hines' argument that he does not have the transferable skills that would render him qualified to engage in "any occupation." Hartford conducted an Employability Analysis Report based on Hines' work history and physical limitations and found three occupations for which Hines was qualified. (R. at HINES 241-43.) Hines did not contest the report during his administrative review nor did he submit any

information in the Record that he does not have transferable skills.  (R. at HINES 188-90.)  In this matter, the Court "is strictly limited to a consideration of the information actually considered by the administrator."  *Killian*, 152 F.3d at 522.

Fifth, similarly, the Court cannot consider Hines' argument that Hartford failed to take into account the effects of Hines' pain and medications because Hines did not submit any such evidence into the Record.  There is evidence in the Record that Hines was prescribed pain medication, but the doctors cited in the Record do not state that Hines is limited by the medication or fatigue.  Hines did not submit any evidence that his medications or fatigue render him disabled on appeal, and as such the Court cannot consider that argument.

Overall, even considering the fourth and fifth arguments of Hines above, the Court holds that the denial of LTD benefits to Hines by Hartford was not arbitrary and capricious.  Hartford offered a reasoned explanation, based on all the evidence, as to why Hines was no longer disabled under the Policy.  Hartford considered the opinions of three doctors and concluded that Hines is limited to sedentary work.  Hartford then determined, based on Hines' education and work experience, that he is qualified for three occupations.  Based on the Record the Court may consider in this matter, the Court finds that this decision was the result of a deliberate principled reasoning process supported by substantial evidence.

## CONCLUSION

For the foregoing reasons, the Court finds that Defendant's Motion is GRANTED and Plaintiff's motion is DENIED.

An appropriate order shall follow.